Edward Baribeau
vs.                  No. 89930.
Yankee Lines, Inc.

November 8, 1933.

FROST, J.  Heard on defendant's motion for new trial after verdict for plaintiff for $5,000.

This case was tried with two other cases, one being that of *David Maynard* vs. *Yankee Lines, Inc.*, No. 89,928.

The jury found the defendant liable and the Court cannot say that the verdict was against the preponderance of the testimony.

For a discussion of the question of liability see the Court's rescript in No. 89,928.

Baribeau, a man 61 years of age and weighing 215 pounds, was riding beside the driver of an automobile that was in collision with a bus operated by the defendant on the morning of July 2, 1932. He sustained a comminuted fracture of the nasal bones, a fracture of the second, third, fourth, fifth and sixth right posterior ribs and minor cuts about the head. He was taken to the General Stephen Henry Gale Hospital in Haverhill, Massachusetts, where he remained two weeks. From the hospital he went to his home in Worcester, Massachusetts, where he was confined to his house for a period of three months. He testified that he had been unable to work since the accident.

Dr. Copeland, a specialist on the eye, ear and nose, testified that Baribeau was still under his care and would be for another six months; that Baribeau's nose had been operated upon and that it was problematical whether another operation would be required.

Dr. John W. O'Meara, called by the defendant, testified that he had examined Baribeau in September, 1932, and also on the morning of the trial; that at the latter time he was complaining of numbness in his right shoulder and right arm; that his nose was still bent to one side; that he could breathe freely through one nostril and with difficulty through the other.

Baribeau, at the time of the accident, was working for the Lawton Construction Company as a steam shovel operator and was earning from $50 to $60 per week.

Considering plaintiff's present as well as past condition, his loss of earning power, &c., the Court does not think the damages awarded can be said to be excessive.

As in the Court's opinion the verdict does justice between the parties, defendant's motion is denied.

For plaintiff: John R. Higgins.

For defendant: Hinckley, Allen, Tillinghast, Phillips & Wheeler.